IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
17 JAN 10 PM 4: 13
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| IVAN ARNOLD, ON BEHALF OF § <br> HIMSELF AND ALL OTHERS § <br> SIMILARLY SITUATED § <br> PLAINTIFF, § <br> § <br> V. § <br> § <br> HOMEAWAY, INC. AND DOES 1-10, § <br> DEFENDANTS. § | CAUSE NO. 1:16-CV-00374-LY |

## ORDER

Before the court are Defendant HomeAway, Inc.'s Motion to Compel Arbitration and Dismiss This Suit filed July 11, 2016 (Clerk's Doc. No. 20), Plaintiff's Opposition To Motion To Compel Arbitration & Dismiss this Suit filed August 10, 2016 (Clerk's Doc. No. 26), and Defendant HomeAway, Inc.'s Reply in Support of Motion to Compel Arbitration and Dismiss this Suit filed August 19, 2016 (Clerk's Doc. No. 29). The court held a hearing on the motion on August 24, 2016, at which Ivan Arnold and HomeAway, Inc. ("HomeAway") appeared through counsel. Having considered the motion, response, reply, argument of counsel at the hearing, and applicable law, the court concludes the motion should be denied for the reasons to follow.

## I. BACKGROUND

HomeAway is a vacation-rental marketplace serving vacation-home owners and managers who wish to rent their homes to tenants on a short-term basis, and travelers who wanted to rent vacation homes on a short-term basis. Before February 2016, HomeAway did not charge fees to travelers for using its service, but charged owners and managers fees or commissions. In exchange for those fees, vacation-home owners could list their homes for rent and could access and use various booking, tracking, and financial tools provided by HomeAway.

Arnold alleges that HomeAway began charging travelers service fees in February 2016, and asserts claims against HomeAway for breach of contract, violations of the common-law duty of good faith and fair dealing, fraud, and fraudulent concealment, as well as violations of the Texas Deceptive Trade Practices Act, California Consumer Legal Remedies Act, and California Unfair Competition Law.

HomeAway now moves to compel this case to arbitration, asserting that Arnold is bound by HomeAway's April 28, 2016 Terms and Conditions, which provide:

> Any and all Claims will be resolved by binding arbitration, rather than in court, except you may assert Claims on an individual basis in small claims court if they qualify. This includes any Claims you assert against [HomeAway], our subsidiaries, users or any companies offering products or services through us (which are beneficiaries of this arbitration agreement). This also includes any Claims that arose before you accepted these Terms, regardless of whether prior versions of the Terms required arbitration.
> …
> Arbitrations will be conducted by the American Arbitration Association (AAA) under its rules, including the AAA Consumer Rules.

Arnold agreed to the April 28, 2016 Terms and Conditions by renewing the subscription for one of his accounts on May 12, 2016.

## II. STANDARD OF REVIEW

"Arbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *PaineWebber Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Courts conduct a two-step inquiry in determining whether parties should be compelled to arbitrate a dispute. *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004). First, the court determines whether the parties agreed to arbitrate the dispute by evaluating whether there is a valid agreement to arbitrate and whether the dispute falls within the scope of the agreement. *Am.*

2

*Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 536 (5th Cir. 2003). Second, if the court finds that the parties agreed to arbitrate, the court next determines whether any federal statute or policy renders the claim nonarbitrable. *Bailey*, 364 F.3d at 264. There is a strong presumption that an arbitration clause covers the dispute between parties to such an agreement and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Such clauses may be overcome only if "it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *United Steelworkers of Am.*, 363 U.S. at 582.

However, the "federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). Determination of whether there is a valid agreement to arbitrate between the parties "is generally made on the basis of 'ordinary state-law principles that govern the formation of contracts.'" *Id.* (quoting *First Options of Chicago Inc. v. Kaplan*, 514 U.S. 938 (1995)); *see also Morrison v. Amway Corp.*, 517 F.3d 248, 254 (5th Cir. 2008).

### III. ANALYSIS

**Relevant Terms and Conditions**

Arnold argues that his claims are subject to HomeAway's September 15, 2015 Terms and Conditions. Arnold claims he has two accounts for HomeAway's services and that he agreed to the April 28, 2016 Terms and Conditions with regard to but one of his accounts. Arnold asserts that the account giving rise to this lawsuit is subject only to the September 15, 2015 Terms and Conditions, which were in effect when he renewed his subscription for that account. However,

Arnold does not dispute that he agreed to the April 28, 2016 Terms and Conditions with regard to the other account. The plain language of the April 28, 2016 Terms and Conditions provides that the arbitration provision applies to "any Claims [Arnold] assert[s] against [HomeAway]," including "any Claims that arose before [Arnold] accepted these Terms, regardless of whether prior versions of the Terms required arbitration."

The court concludes that Arnold's claims are governed by the arbitration clause in the April 28, 2016 Terms and Conditions.

**Applicable Law**

HomeAway asserts that this dispute is governed by California law; Arnold argues that Texas law controls. The choice-of-law provision in the April 28, 2016 Terms and Conditions provides:

> These Terms are governed by the Federal Arbitration Act, federal arbitration law, and for reservations made by U.S. residents, the laws of the state in which your billing address is located, without regard to principles of conflicts of laws.

This lawsuit is about HomeAway's policies and practices, not a specific reservation made by Arnold. The choice-of-law provision does not direct which state's law controls in the circumstances presented in this lawsuit. Accordingly, the court turns to Texas's conflict-of-law rules to determine the law governing Arnold's claims. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 722 (5th Cir. 2010) ("Federal courts apply the forum state's conflicts-of-law rules to determine what law governs state-law claims.").

Under Texas conflict-of-law rules, the court must initially determine whether there is a conflict between Texas law and the other potentially applicable law. *Bailey*, 609 F.3d at 722. Where there is a conflict of law, Texas follows the "most significant relationship" test from the

Restatement (Second) of Conflict of Laws § 188 to determine the law applicable to a contract dispute. *Minn. Mining & Mfg. Co. v. Nishika Ltd.*, 953 S.W.2d 733, 735 (Tex. 1997). In the absence of an effective choice of law by the parties, the contacts the court may take into account in determining the applicable law include: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. Restatement (Second) of Conflict of Laws § 188. The court evaluates the contacts according to their relative importance with respect to the issue at hand. *Id.*; *Bailey*, 609 F.3d at 723. Application of the most significant relationship analysis turns on the qualitative nature of the particular contacts with a state rather than the mere number of those contacts. *Gutierrez v. Collins*, 583 S.W.2d 312, 319 (Tex. 1979); *Bailey*, 609 F.3d at 723.

The court first turns to whether there is a conflict between Texas and California law. *Bailey*, 609 F.3d at 722. In determining whether to compel arbitration, the court first determines whether the parties agreed to arbitrate the dispute by evaluating whether there is a valid agreement to arbitrate. *Lang*, 321 F.3d at 536. Arnold asserts that the arbitration provision in the April 28, 2016 Terms and Conditions is illusory because the April 28, 2016 Terms and Conditions grant HomeAway the right to "amend the[] Terms, in whole or in part, at any time." The April 28, 2016 Terms and Conditions further provide that "Notification of any amendment will be posted on the Site…and will be effective immediately."

Under Texas law, if a party to a contract retains the right to unilaterally abolish or modify an arbitration provision, the agreement to arbitrate is illusory and not binding. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 231 (Tex. 2003); *Morrison*, 517 F.3d at 255. Conversely, under California law, a contracting party's power to unilaterally alter a material contractual term does

5

not render the agreement illusory, because the implied covenant of good faith and fair dealing limits unilateral action by a contracting party. *Asmus v. Pac. Bell*, 23 Cal.4th 1, 16 (Cal. 2000) ("But the fact that one party reserves the implied power to terminate or modify a unilateral contract is not fatal to its enforcement, if the exercise of the power is subject to limitations, such as fairness and reasonable notice."); *see also Harris v. Tap Worldwide*, LLC, 203 Cal. Rptr. 3d 522, 535 (Ct. App. 2016). Because Texas and California law conflict on this issue, the court must decide which state's law controls using the "most significant relationship" test. *See Bailey*, 609 F.3d at 723.

Arnold does not allege a place of contracting, negotiation, or performance of the April 28, 2016 Terms and Conditions or location of the subject matter. Arnold's claims and the present motion rely principally on HomeAway's drafting of the April 28, 2016 Terms and Conditions. HomeAway is incorporated under Delaware law and has its headquarters and principal place of business in Austin, Texas. The only contact identified in California is Arnold's billing address, which is not relevant to the facts material to this dispute. The court concludes that HomeAway's headquarters and principal place of business are the most relevant contacts to this dispute, and the dispute is therefore governed by Texas law.

**Validity of Arbitration Clause**

Arnold argues that the arbitration clause in the April 28, 2016 Terms and Conditions is illusory because HomeAway reserves the unilateral right to avoid arbitration at any point without notice to Arnold or other users. The April 28, 2016 Terms and Conditions provide:

> [HomeAway] reserve[s] the right, in our sole discretion, to amend these Terms, in whole or in part, at any time. Notification of any amendment will be posted on the Site by the indication of the last amendment date at the top of these Terms and will be effective immediately.

Under Texas law, if a party to a contract retains the right to unilaterally abolish or modify an arbitration provision, the agreement to arbitrate is illusory and not binding. *Webster*, 128 S.W.3d at 231; *Morrison*, 517 F.3d at 255.  In *Morrison*, the court held an arbitration agreement is illusory and unenforceable where the contract at issue does not preclude amendment to the arbitration program "so that once notice of such an amendment was published mandatory arbitration would no longer be available even as to disputes which had arisen and of which [the amending party] had notice prior to the publication."  517 F.3d at 257.  Similarly, there is no language in the April 28, 2016 Terms and Conditions suggesting that HomeAway's right to amend the terms at any time does not apply to the arbitration provision, including with respect to pre-existing claims.  Further, the April 28, 2016 Terms and Conditions do not require HomeAway to give notice to Arnold or other users before an amendment goes into effect.

Accordingly, the court concludes that the arbitration provision in the April 28, 2016 Terms and Conditions is illusory and not binding as applied to Arnold's claims.  The court will therefore deny the motion to compel arbitration.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant HomeAway, Inc.'s Motion to Compel Arbitration and Dismiss this Suit (Clerk's Doc. No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are to submit to the court a Proposed Agreed Scheduling Order, in accordance with Federal Rule of Civil Procedure 26(f), that follows the form scheduling order of this court located on the website for the United States District Court

for the Western District of Texas (www.txwd.uscourts.gov), the "Forms" tab, "Civil," "Austin Division," "Proposed Scheduling Order for Judge Yeakel," **on or before Friday, February 10, 2016**.

SIGNED this 10th day of January, 2017.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE