IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IVAN ARNOLD, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFF, | § § § § § | |
| V. | § § | CAUSE NO. 1:16-CV-374-LY |
| HOMEAWAY, INC. AND DOES 1-10, DEFENDANTS. | § § § | |

## FINAL JUDGMENT AFTER REMAND

On January 10, 2017, this court rendered an order in the above entitled and numbered cause denying Defendant HomeAway, Inc.'s motion to compel arbitration (Doc. #31). HomeAway, Inc. filed an interlocutory appeal to the United States Court of Appeals for the Fifth Circuit on January 31, 2017. While the interlocutory appeal was pending, HomeAway, Inc. filed a Motion to Dismiss and Motion to Strike Class Allegations on November 10, 2017 (Doc. #54), which was referred to the United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas on January 9, 2018 (Doc. #57). The Report and Recommendation of the United States Magistrate Judge was signed on April 17, 2018 (Doc. #58), recommending that the motion be granted with prejudice as to Plaintiff Ivan Arnold's breach-of-contract claim and denied without prejudice as to the remaining class allegations.

On May 15, 2018, the court of appeals rendered an opinion that reversed this court's order on the motion to compel and remanded the case to this court "with instructions to grant the motion to compel arbitration." The mandate was issued on the Fifth Circuit's opinion and judgment on June 6, 2018. Accordingly, the court now renders this Final Judgment After Remand.

**IT IS ORDERED** that The Report and Recommendation of the United States Magistrate Judge was signed on April 17, 2018 (Doc. #58) is **VACATED**.

**IT IS FURTHER ORDERED** that Defendant HomeAway, Inc.'s Motion to Compel Arbitration and Dismiss this Suit filed July 11, 2016 (Doc. #20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Ivan Arnold shall pursue all claims asserted in this case by submitting them to binding arbitration with the American Arbitration Association. The parties shall submit the disputes between them to arbitration under the terms of HomeAway, Inc.'s April 28, 2016 Terms and Conditions.

**IT IS FURTHER ORDERED** that to the extent Plaintiff Ivan Arnold has asserted a claim against "Does 1-10," such claim is **DISMISSED WITHOUT PREJUDICE**.

Because Plaintiff Ivan Arnold may arbitrate his individual claims only and not in a class pursuant to HomeAway, Inc.'s April 28, 2016 Terms and Conditions, *see AT&T Mobility LLC v. Concepcion*, 563 U.S. 33, 351 (2011),

**IT IS FURTHER ORDERED** that Plaintiff Ivan Arnold's remaining claims are **DISMISSED WITH PREJUDICE**. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("Because it determined that all of Alford's claims were subject to arbitration, the district court acted within its discretion when it dismissed this case with prejudice."). All asserted class-action claims are **DISMISSED WITHOUT PREJUDICE** to refiling by a party eligible to bring a class action against Defendant HomeAway, Inc.

**IT IS FURTHER ORDERED** that Defendant HomeAway, Inc. is awarded costs.

**IT IS FINALLY ORDERED** that the case hereby **CLOSED**.

SIGNED this \_\_\_\_16th\_\_\_\_ day of August, 2018.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE